WHOLY v. BRITISH & FOREIGN S. S. CO., Limited.

(Circuit Court of Appeals, Second Circuit. May 25, 1909.)

No. 277.

SHIPPING (§ 84*)—LIABILITIES OF VESSEL—TORTS—PERSONAL INJURIES.

Where a section of a hatch cover was so short as to require blocking to keep it in place, but the cover was not otherwise defective, the injury of a longshoreman by the tipping of such cover, which fellow workmen had failed to block when replacing it, is chargeable to the negligence of fellow servants, and the vessel is not liable therefor.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 349; Dec. Dig. § 84.*]

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal to review a decree of the District Court (158 Fed. 379) dismissing the libel of libelant, a longshoreman, who was injured by the tipping up of a section of hatch cover, which caused him to fall into the hold of respondent's steamer St. Fillans.

Alvin C. Cass (Avery F. Cushman, of counsel), for appellant.

Wing, Putnam & Burlingham (James Forrester, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The majority of the court are unable to distinguish this case from McDonnell v. Oceanic Steam Navigation Co., 143 Fed. 480, 74 C. C. A. 500. In that case, as in this, the section of hatch

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cover, which was so short as to require blocking to keep it in place, gave way because it was not wedged, so as to bear properly on the flange. We held in the earlier case that the negligence was that of defendant's fellow servants in setting the cover without wedging it, and that there could be no recovery. In the case at bar the District Judge found that:

"There are but two explanations of the accident. Either the stevedore who chocked this particular hatch cover wedged it in such a position that it did not have sufficient purchase at the lower end, or, if he inserted the blocks properly and rendered the hatch cover immovable, its condition was thereafter changed through the actions of the stevedores themselves prior to the time of the action, and on neither theory can the vessel be held liable."

In these findings and conclusion we concur. This case is distinguished from International Mercantile Marine Co. v. Fleming, 151 Fed. 203, 80 C. C. A. 479, by the circumstance that in that case the appliances for covering the hatch "had become dangerous by the accumulation of débris which had so hardened in the slots that the strong-back which was, so to speak, the keystone of the structure, could not be properly set, thus rendering the entire covering unsuitable and dangerous." There is no testimony of any such condition here.

The decree is affirmed, with costs.